IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DESIREE SHAW | § | |
| v. | § | CIVIL ACTION NO. 9:09cv134 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Desiree Shaw, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of a 1993 proceeding in which she received deferred adjudication probation, which probation was never revoked but instead was successfully served. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Shaw was convicted on December 8, 1993, of reckless conduct, for which she received six months deferred adjudication probation. As Shaw acknowledges, this probation was never revoked, but was successfully served. Shaw is currently serving a 32-year sentence for murder from 1996, which she says is unrelated to the 1993 case "except for recorded evidence of misconduct in the subsequent record used to prejudice petitioner's access to the court."

In her petition, Shaw concedes that she pleaded "nolo contendere" to the reckless conduct charge, but says that this was done because unconstitutional coercion; she states that she was unaware of the consequences of a "nolo contendere" plea because of ineffective assistance of counsel. She says that "the record is wrong" and that the state courts refuse to correct it, and that her prison records discuss the 1993 incident.

1

Shaw sought state habeas corpus relief, but the Court of Criminal Appeals dismissed her petition because the community supervision which she received had never been revoked. She requests an evidentiary hearing in the case, saying that "the State has presented new factual and legal theories since her non-adjudicated charges were resolved" and that a determination must be made as to whether or not her plea was voluntary.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that Shaw failed to show that she was "in custody pursuant to the judgment of a state court" as a result of the deferred adjudication probation which was never revoked. Because being in custody pursuant to the judgment challenged is a requirement for federal habeas corpus relief, the Magistrate Judge determined that Shaw's petition should be dismissed.

Shaw filed objections to the Magistrate Judge's Report on September 4, 2009. In her objections, Shaw says first that prison officials and "legal experts and the legal organizations consulted in this case" encouraged her to "seek all remedies to invalidate the ongoing prosecution of the 1993 non-adjudicated case to correct the record." She refers to the State presenting "new and testimonial evidence in the case a considerable time after the issues were non-adjudicated," but fails to state what this "evidence" is, or how any new evidence could be presented in a case for which deferred adjudication probation was successfully served some 15 years ago. Shaw says that she was "denied fundamental due process" and insists that an evidentiary hearing is necessary; she states that while the probation was not formally revoked, it has been introduced in governmental proceedings repeatedly after the sentence imposed for it had fully expired. She also states that she received ineffective assistance of counsel and lists various bad acts which she says that her accuser had committed. Finally, Shaw contends that her claims are so complex as to warrant the appointment of a special master of a public defender, or the conducting of an evidentiary hearing.

Aside from oblique references to the introduction of new evidence into some unknown proceeding, Shaw nowhere contends in her objections that she is "in custody" pursuant to the 1993

2

conviction for which she seeks federal habeas corpus relief. As the Magistrate Judge correctly observed, a habeas corpus petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired and the petitioner suffers no present restraints as a result of the conviction. Furthermore, the Magistrate Judge said, when a petitioner is not "in custody" under the challenged conviction, the district court lacks jurisdiction to consider the habeas petition. Because Shaw has wholly failed to show that she is "in custody" pursuant to the conviction which she seeks to attack, her objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Desiree Shaw is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the 8 day of **September, 2009.**

_____
Thad Heartfield
United States District Judge